No. 44
WILLIAMSON POND CK. COAL CO. v.
GANO COAL MIN. CO.
Ohio Appeals, 1st Dist., Hamilton Co.
Decided Dec. 28, 1923.
Motion to certify overruled by supreme court, 2 Abs. 271, OS. Pend. 2 Abs. 247.
923. PLEADING—1. Short form of pleading on an account held improper where contract not fully performed.
2. Answer which only denies liability and not facts held improper.
225. CHARGE TO JURY.
MAUCK. J.
Epitomized Opinion
Published only in Ohio Law Abstract

The Williamson Company entered into several contracts with the Mining Company in 1922 whereby the Williamson Company agreed to sell and deliver to the Mining Company a certain number of cars of coal at prices fixed under the several contracts. Some of the coal was furnished and some was not. The Williamson Co. sued on the short form of account for goods sold and delivered. The defendant answered with a general denial and then pleaded the several contracts and averred that the Williamson Co. had violated the same to the purchaser's great loss and counterclaim and for the resulting damages. To this counterclaim the plaintiff filed an answer in which it "denies on information and belief . . . . that the original plaintiff . . . . is indebted to defendant in any sum whatsoever or on account of any of the things set forth in defendant's cross petition." Under the court's charge the defendant had the entire burden of proving the contracts, the breach thereof, and the lack of any justification for the breach. As a verdict and judgment was rendered for plaintiff, defendant prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. That the pleadings in the petition were insufficient to support the judgment as the rights of the plaintiff arose upon special contract and the short form of pleading is permissible in such a case only where the contract has been fully performed and there re-

## OHIO SUPREME COURT—Continued

mains no duty to pay, which was not so in the instant case.

2. That the defense to the counterclaim was a nullity and that the plaintiff was in default for any defense to the cross petition in that the answer was a mere denial of liability and not a special or general denial of any facts.

3. That the Court committed error in instructing the jury in that it failed to charge that the plaintiff had the burden of proving the allegations in its petition and also in placing the burden of proof upon the defendant to show lack of justification for the breach.

bald, Cincinnati, for plaintiff, Williamson Co.

Attorneys—S. A. Headley and W. K. Sib-